# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA MAGDALENA RAMOS-PORTILLO,<br><br>Petitioner,<br><br>v.<br><br>KEVIN K. McALEENAN,[1] et al.,<br><br>Respondents. | Case No. EDCV 18-0260 MWF (SS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Amended Report and Recommendation ("R&R") of the United States Magistrate Judge. After having made a *de novo* determination of the portions of the Amended Report and Recommendation to which Objections were directed, the Court concurs with and **ACCEPTS** the findings and conclusions of the Magistrate Judge.

As the R&R discussed, the Court has habeas jurisdiction in this "true habeas" action under § 2241 to review claims of constitutional and legal error including "claims that the discretionary process itself was constitutionally flawed[.]" (R&R at

---

[1] Acting Secretary of Homeland Security Kevin K. McAleenan is substituted for his predecessor, Kirstjen Nielsen. See Fed. R. Civ. P 25(d).

19-20 (quoting *Singh*, 638 F.3d at 1202)); *see also Ramos*, 293 F. Supp. 3d at 1028 ("The Ninth Circuit has made clear that a district court retains jurisdiction . . . to review legal and constitutional challenges to bond determinations, which are not challenges to discretionary determinations.").

Respondents assert that the Court should conduct only a "cursory review" to determine whether the Immigration Judge ("IJ") applied the correct legal standard. According to Respondents, because the IJ in Petitioner's case identified the proper burden of proof and discussed various bond factors, Petitioner failed to raise a colorable constitutional or legal challenge to the IJ's decision to deny bond. (Objections at 6-16). The Court disagrees.

As the R&R explains, the IJ's mere recitation of the applicable legal standard is not enough when the IJ's decision makes it clear – as it does in this case – that the IJ did not actually apply the standard in his reasoning and decision. (R&R at 29-30); *Natural Res. Def. Council, Inc. v. Pritzker*, 828 F.3d 1125, 1135 (9th Cir. 2016); *Calderon-Rodriguez v. Wilcox*, 374 F. Supp. 3d 1024, __, 2019 WL 486409, *8 (W.D. Wash. 2019); *Ramos v. Sessions*, 293 F. Supp. 3d 1021, 1030 (N.D. Cal. 2018); *see also Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 241 (W.D. N.Y. 2019) ("[T]he mere utterance of the correct standard of proof early in the IJ's decision is insufficient to demonstrate that it was applied when the rest of that decision demonstrates otherwise."). It is the application of the clear-and-convincing standard, not its recitation, that matters. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011); *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011) ("*Diouf II*").

The IJ's bond decision actually reflects that he failed to place the burden on the government to establish by clear and convincing evidence that Petitioner was a flight risk or danger to the community. Instead, among other things, the IJ improperly minimized the government's burden, wrongly held Petitioner's prolonged detention against her, and failed to adequately consider alternatives to detention. (R&R at 28-

41 & n.22); *see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *Diouf II*, 634 F.3d at 1091; *Ramos*, 293 F. Supp. 3d at 1027.

Respondents criticize the R&R's citations to *Ramos* and argue that the Court is engaging in improper consideration of the IJ's factual findings. (Objections at 9-11). The Court disagrees. Like Petitioner, Ramos was detained pursuant to 8 U.S.C. § 1231(a)(6), which permits the release of an alien subject to terms of supervision. (R&R at 26 n.8); *Ramos*, 293 F. Supp. 3d at 1025. As in the current case, the *Ramos* decision addressed a due process challenge to an IJ's bond determination, not the IJ's discretionary factual determinations. *See Ramos*, 293 F. Supp. 3d at 1025-38.

Respondents disagree with the R&R's conclusion that "the IJ's finding that the length of Petitioner's prolonged detention weighed against her release . . . is clearly in conflict with the established standard," (R&R at 39), arguing that "there is . . . nothing in the text of 8 U.S.C. § 1231(a)(6) that hints that the length of detention prior to a post-order bond hearing must specifically be considered." (Objections at 14-15). However, as the R&R notes, even if Respondents are correct, this contention does not mean that the IJ could hold the length of Petitioner's detention against her, which he did in this case in contravention of relevant law. (R&R at 36 n.18).

Respondents also complain the R&R reflects disagreement with the IJ's weighing of the facts, and "[e]ven if the Court disagrees with the agency's weighing of the factors, it can and should still conclude that the agency applied the correct legal standard. . . ." (Objections at 12-13). However, as discussed above and as detailed in the R&R, while the IJ might have cited the correct legal standard, he failed to apply it, and this failure constitutes legal error.

Respondents' remaining objections are without merit for the reasons set forth in the R&R.

**IT IS ORDERED** that Judgment shall be entered granting the Petition and ordering Respondents to release Petitioner on bond unless the agency provides Petitioner with a new bond hearing before an immigration judge who will apply the

correct standard pursuant to controlling legal authority within 30 days of the date of entry of Judgment in this action.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on counsel for Petitioner and on counsel for Respondents.

Dated: July 19, 2019

_____
MICHAEL W. FITZGERALD
United States District Judge